JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OC2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC2<br><br>          Plaintiff,<br>    v.<br><br>LILLIAN L. CHANG and DOES 1 through X, Inclusive,<br><br>          Defendants. | Case No.: CV 09-1994 R (JWJx)<br><br>**ORDER ON MOTION FOR ORDER REMANDING CASE TO STATE COURT, FILED BY PLAINTIFF BANK OF NEW YORK**<br><br>(28 U.S.C. §§ 1441(a), 1446(b), 1447(c))<br><br>Assigned: Hon. Manuel L. Real, Court Room 8<br><br>Date:   June 1, 2009<br>Time:  10:00 a.m.<br>Ctrm:  8 |

This matter having come before the Court upon the motion of Plaintiff THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OC2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC2 (hereinafter, "BONY") for an Order remanding this matter to state court, and good cause therefore having been shown,

NOW, THEREFORE, it is ordered that this matter be remanded to the Los Angeles County Superior Court, East District – West Covina, as Case No. 09U00033, entitled *THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OC2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OC2 v. LILLIAN L.*

*CHANG and DOES I through X, Inclusive* on the grounds that this court lacks subject matter jurisdiction over this matter, as the case could not have been filed originally in Federal court (i.e., on diversity or Federal question grounds) for the following reasons:

   1. Diversity jurisdiction does not exist because the matter in controversy does not exceed $75,000, exclusive of interest and costs, and the parties are not diverse.  The Complaint contains a single claim for possession of residential real property under California Code of Civil Procedure § 1161a. BONY admits that the maximum damages that could be awarded on this claim do not exceed $75,000;

   2. Federal subject matter jurisdiction does not exist because the Unlawful Detainer Complaint does not present a claim or right arising under the Constitution, treaties, or laws of the United States. The Complaint contains a single claim for possession of residential real property under California Code of Civil Procedure § 1161a.  This claim is grounded solely in the statutes of the State of California.

   IT IS FURTHER ORDERED that this case be remanded on the basis that the removal was filed untimely and in violation of 28 U.S.C. § 1446(b), in that it was not filed within 30 days after receipt by the defendant of a copy of the initial pleading which defendant is seeking to remove to this Court.

   IT IS FURTHER ORDERED that Defendant, LILLIAN L. CHANG, pay attorneys' fees and costs to Plaintiff BONY to reimburse BONY for all attorneys' fees and costs incurred in preparing, filing, and subsequently appearing at the June 1, 2009 hearing on the within Motion for Order Remanding Case to State Court, as well as all attorneys' fees and costs that BONY incurred in preparing and filing their original Ex Parte Motion for Order Remanding Case to State Court, which was granted by this Court on March 13, 2009; for the two improper removals of this state court action filed by Defendant LILLIAN L. CHANG, in the total amount of $3,855.00 in attorneys' fees.  The fees and costs to be paid by Defendant, LILLIAN L. CHANG, are itemized as follows:

   1. Original Ex Parte Motion for Order Remanding Case to State Court:
         11 Hours at $150.00/hour, total $1,650.00;
   2.  Second Motion for Order Remanding Case to State Court
          14.7 Hours at $150.00/hour, total $2,205.00.

| | |
|---|---|
| 1 | |
| 2 | Combined Total:   $3,855.00. |
| 3 | |
| 4 | IT IS FURTHER ORDERED that Plaintiff BONY provide notice to Defendant of the within |
| 5 | Orders issued by this Court at the June 1, 2009 hearing on Plaintiff BONY's Motion for Order |
| 6 | Remanding Case to State Court. |

Dated: __June 8, 2009___                    _____
                                            Honorable Manuel L. Real
                                            United States District Court, Judge

PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200; Costa Mesa, CA 92626-9804.

On June 3, 2009, I served a copy of the following document(s):

[PROPOSED] ORDER ON MOTION FOR ORDER REMANDING CASE TO STATE COURT, FILED BY PLAINTIFF BANK OF NEW YORK

on the interested parties in this action:

BY OVERNIGHT DELIVERY: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, it would be retrieved by a FEDEX representative during his regularly scheduled daily collection, deposited in the regularly utilized collection box for FEDEX, or deposited with a FEDEX representative at a FEDEX office on that same day with delivery fees thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I have placed a true and correct copy thereof in a sealed envelope(s) designated by FEDEX, with delivery fees thereon fully prepaid and addressed as follows:

   Lillian L. Chang
   2300 South Hacienda Boulevard D2
   Hacienda Heights, CA 91745
   No Phone; No Email
   (Defendant, pro se)

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 3, 2009, at Costa Mesa, California.

/s/ Marion Pineda

Marion Pineda